**NOT FOR PUBLICATION**

# FILED



OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-16936 |
| Plaintiff-Appellee, | D.C. No. 3:10-cv-00682-LRH-WGC |
| v. | |
| SANTIAGO CRUZ, | MEMORANDUM[*] |
| Claimant-Appellant, | |
| v. | |
| $102,836.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 19, 2016[**]
Stanford, California

Before: HAWKINS, CALLAHAN, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In this civil forfeiture action, claimant Santiago Cruz ("Cruz") appeals the denial of his motion to suppress evidence and grant of summary judgment in favor of the United States. We affirm.

The district court did not err in denying Cruz's motion to suppress. Viewing the totality of the circumstances—including the odors of marijuana and air freshener coming from the vehicle, Cruz's demeanor, an expired car rental agreement, unusual travel plans, Cruz's prior drug conviction, and Cruz's admission he had previously sold drugs in Battle Mountain—reasonable suspicion existed to support Cruz's brief continued detention until the canine officer arrived at the scene. *See United States v. Berber-Tinoco*, 510 F.3d 1083, 1087-88 (9th Cir. 2007) (individually innocent factors viewed collectively may amount to reasonable suspicion); *see also United States v. Sharpe*, 470 U.S. 675, 686 (1985) (prolonged detention justified if police diligently pursued means of investigation likely to confirm or dispel their suspicions quickly).

Nor did the court err in granting the government's motion for summary judgment. The government presented evidence that the currency had a substantial connection to drug trafficking: Cruz possessed a large amount of cash in small and varied denominations, rubber-banded together in separate bundles; officers found a "price list" for marijuana, two prepaid cell phones, a box of plastic baggies, and receipts which indicated a peculiar travel itinerary that was inconsistent with the story

2

Cruz initially gave to officers. Cruz's largely unsupported and self-serving attempts to explain a legitimate source of the funds and a non-drug related reason to have such a substantial amount of cash in his vehicle were permissibly disregarded by the court as implausible. *See United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 984 (9th Cir. 2002) (summary judgment appropriate where explanation so inherently untrustworthy that a rational trier of fact could not return verdict in favor of claimant); *see also United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 638-39 (9th Cir. 2012) (conclusory self-serving affidavit insufficient to create issue of fact).

**AFFIRMED.**